DUDLEY v. NOWILL.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

1. SLANDER—WORDS ACTIONABLE PER SE—CHARGING CRIME.
    It is actionable per se to say that plaintiff is "the father of a child by a young girl not yet fifteen years old," since Pen. Code, § 278, as amended in 1895, makes it rape in the second degree for any person to have "sexual intercourse with a female, not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree."

2. SAME—MISTAKE OF DEFENDANT.
    The fact that slanderous words, imputing a crime to the person of whom they were spoken, were coupled with a statement that the offense was punishable by imprisonment for 16 years, when, in fact, the term of imprisonment was but 10 years, did not affect the speaker's liability.

3. SAME—COMPLAINT.
    In an action for slander in uttering words imputing the commission of a crime, an averment that defendant intended them in that sense, or that his hearers so understood them, is unnecessary.

Appeal from trial term, Westchester county.

Action by Oscar E. Dudley against F. Herbert Nowill for slander. From a judgment entered on an order dismissing the complaint, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William Riley for appellant.
Wilson Brown, Jr., and W. Popham Platt, for respondent.

BRADLEY, J. The nature of the action is for slander, founded upon the charge, as alleged, that the defendant, in August and September, 1896, at White Plains, N. Y., in the presence and hearing of persons named, maliciously spoke of and concerning the plaintiff

the following false and defamatory words: "Have you not heard the scandal about Dudley? He is the father of a child by a young girl not yet fifteen years old, not until this autumn, and you know that means sixteen years in state prison;" and that he (the defendant) "knew Mr. Dudley had been criminally intimate with a girl by the name of Mamie Boyle, a child under fifteen years of age; and that the act occurred in a packing room in the rear of the building in which Mr. Dudley lived." And the plaintiff further alleged that the said Mamie Boyle, at the time such words were spoken, was an unmarried female, and never had been married, as was known to the persons in whose presence and hearing those words were so spoken by the defendant. The defendant, by answer, put in issue the matters alleged by the plaintiff, and set forth special matter as a defense. The action was moved to trial, and thereupon, on motion of the defendant, the complaint was dismissed, on the ground that it failed to state facts sufficient to constitute a cause of action.

The question presented, therefore, is whether the words alleged to have been used by the defendant were actionable per se. For that purpose it was essential that they impute to the defendant the commission of crime. It is not necessary for the purposes of the action to state by way of innuendo the facts constituting the alleged crime with the precision requisite for an indictment. It is sufficient that the crime is imputed to the plaintiff in the language which may ordinarily be employed in conversation to indicate its commission, so that those who hear the words used may clearly understand that the plaintiff is charged with the commission of crime. It is not the office of an innuendo to extend the meaning or sense of words employed, but to show how they came to have a defamatory meaning, and how they relate to the plaintiff when they do not clearly so appear upon the face of them alone. But when they, as spoken, can be understood to impute a crime, they are prima facie actionable, and no innuendo is necessary. Those alleged in the complaint would impute a criminal act when committed in this state. The statute provides that:

"A person who perpetrates an act of sexual intercourse with a female, not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree, and punishable with imprisonment for not more than ten years." Pen. Code, § 278, as amended in 1895.

The amendment took effect September 1, 1895, and by it the specified age of the female was increased from 16 years to 18 years. Prior and·up to that time, for 8 years such an act perpetrated with an unmarried female under the age of 16 years was a crime. Laws 1887, c. 693; Laws 1892, c. 325. In such a case no question of intent or motive is essential to the offense. The act of sexual intercourse constitutes the crime. The words as alleged have no doubtful or uncertain import. They were such as to convey to the understanding of bystanders the commission of the crime of rape, within the meaning of the statute. And it is charged that they were spoken of and concerning the plaintiff and his act. But it is

suggested by the defendant's counsel that it is not alleged that the act was committed within this state, or that it was perpetrated since the 1st day of September, 1895. It is true that the crime is statutory, and that there is no presumption that it exists elsewhere than in the state of New York. But the allegation is that the defamatory words were spoken at White Plains, in this state. They conveyed to the hearers the imputation of the commission of a crime by the plaintiff, which was emphasized by the statement to the effect that the act imputed to him meant in its consequences to him 16 years in state prison. It is not important for the purposes of the question that the punishment for the crime of rape in the second degree was not correctly understood or stated by the defendant. The act referred to was treated as a crime by him in the language used, and was reasonably so understood by those to whom it was addressed. It is not necessary to inquire whether or not the alleged defamatory charge may be deemed to have related to an act committed since September 1, 1895. It would have been a crime if perpetrated at any time within about nine years prior to the alleged time of speaking the words in question.

It is also urged that the plaintiff has not alleged that the defendant, by the words used, intended to charge the perpetration of a criminal act by the plaintiff. For the purposes of the pleading, it must be assumed that the defendant intended to impute to the plaintiff the crime which the language used imports, and no allegation that he did so intend, or that the defamatory words spoken by him were so understood, is necessary to the support of the averment of a cause of action. If what was said by the defendant on the occasion referred to was intended as a joke, and so understood by the hearers, that is a fact to be made to appear at the trial. No such inference arises or can arise upon the complaint for the purpose of determining its sufficiency as a pleading. There is no ambiguity in the import of the charge made against the plaintiff by the use of the alleged words. They impute to him a criminal act.

It follows that the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.